SANDERS, Justice
(dissenting).
The overriding consideration in all decisions respecting custody is the welfare of' the child. This is true even when the contest is between the natural parents and others with whom they have placed a child. The superior custodial right of parents must yield if the welfare of a child requires it.
The majority has narrowly, and in my opinion erroneously, restricted the application of this principle in the present case.On 'motion to remand, the foster parents have urged that available medical information will establish that a change in custody at this time will cause irreparable physical and psychological harm to the child. They seek a remand of the- case to produce this evidence. However, even in. the absence of such a motion, a remand is always a proper disposition if it will serve the ends of justice. Art. 2164, LSA-C.C.P.
The majority, however, rejects a remand on the ground that the motion- does not allege the existence of any evidence reflecting upon the fitness of the natural parents or their ability to provide a home, and runs counter to the presumption that the welfare of the child would best be served in the custody of the natural parents. Thus the Court, in effect, holds that medical evidence of this type is not material in a custody litigation in which the natural parents are parties.
T cannot-agree to this holding. In cases such as this, the welfare of the child has a broader meaning than- ascribed to it. It is not restricted to the fitness of the natural parents and the suitability. of their home. It involves a wide range of factors — environmental, physical, and psychological— which bear upon the normal development of the child. To omit the child (and its personality) from the judicial inquiry is, in my opinion, a serious defect in the Court’s holding. In the interest of justice, I would remand the case for the reception of the additional evidence.
I respectfully dissent.